CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED

AUG 0 8 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JONATHAN FOSTER,<br><br>*Plaintiff,*<br><br>v.<br><br>CLAYTON HOMES, ET AL.,<br><br>*Defendants.* | CIVIL ACTION No. 6:045CV-00004<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

The Court held a telephonic hearing in connection with Defendants' Motion for an Enlargement of Time and Leave to File Late Answer, docket, Plaintiff's motion for Default Judgment. For the reasons that follow, the Court shall grant Defendants' Motion.

The facts are straightforward. Defendants received proper service of process on June 15, 2005. Upon receipt, Defendants' employee erroneously calendared the matter for a thirty-day answer period rather than a twenty-day answer period. Subsequently, on June 29th, 2005, Defendants attempted to contact an attorney with whom they had worked before, who unbeknownst to them had changed firms and did not receive their message. It is a matter of dispute whether on that day Defendants also attempted to contact opposing counsel to request an

1

extension of time to file a response. On July 8, 2005, three days after an answer was due, Defendants realized their calendaring mistake.[1] They immediately called Plaintiff's counsel and requested leave to file a file a late answer, which Plaintiff's counsel rejected. That day, Plaintiff's counsel filed a Motion for Default Judgment. Defendants then located their attorney, who immediately filed a Motion for Enlargement of Time.

Under Rule 6(b)(2) of the Federal Rules of Civil Procedure, upon the motion of a party, a court has discretion to permit the late filing of a pleading "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b)(2). A determination of whether party's conduct constitutes excusable neglect is an equitable one that requires court to consider all relevant circumstances. *Rittmaster v. PaineWebber Group (In re PaineWebber Ltd. Pshps. Litig.)*, 147 F.3d 132, 135 (2d Cir. 1998). The term "excusable neglect" under Rule 6(b) is an "elastic concept" and is not limited strictly to omissions that are caused by circumstances beyond the control of the movant. Mere inadvertence, without more, can in some circumstances be enough to constitute "excusable neglect" justifying relief under rule 6(b). *Raymond v. IBM*, 148 F.3d 63, 66 (2nd Cir. 1998). Excusable neglect for failure to meet filing deadline may be found where party makes showing of good faith inadvertence and absence of prejudice to other party. *Carpe v. Aquila, Inc.*, 224 F.R.D. 454 (W.D. Mo. 2004). *See also Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Pshp.*, 507 U.S. 380) (establishing this view of "excusable neglect" in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure). In *Aquila*, good faith inadvertence and lack of prejudice to defendants was found to be adequately demonstrated where

---

[1] Although the Court clerk had actually calendared date for a responsive pleading as for July 7, 2005, based on a service date of June 15, 2005, the twenty-day response deadline would be July 5, 2005.

2

the plaintiffs had been fully engaged in both litigation and some preliminary settlement negotiations and Plaintiffs stated that their failure to timely submit their expert affidavit was unintentional mistake. *Aquila,* 224 F.R.D. at 454.

A review of the circumstances indicates that Defendants' failure here also constitutes "excusable neglect" justifying an extension of time under Rule 6(b). Defendants made a good faith effort to contact an attorney in a timely manner and only failed to comply with the responsive deadline due to the inadvertent calendaring miscalculation. Further, Plaintiff has not satisfactorily demonstrated why he will suffer any undue prejudice by the granting of an extension under these circumstances. In circumstances such as these, when a party inadvertently and in good faith miscalculates the response deadline and subsequently seeks relief under Rule 6(b)(2), other courts have suggested that relief may be available . *Aquila,* 224 F.R.D. at 454. *Cf. Cobell v. Norton,* 213 F.R.D. 42 (D.C. Dist. 2003) (accepting plaintiffs' representation that their filings were late because of good faith miscalculation of date by which they were supposed to respond, and noting the court's discretion under Rule 6(b)(2), but nevertheless striking those filings because plaintiffs did not file motion for relief under Rule 6(b)(2)).

Plaintiff's reliance on *Park Corp. v. Lexington Ins. Co.,* 812 F.2d 894, 897 (4th Cir. 1987), is misplaced because that case merely affirmed, under an abuse of discretion standard, the a district court's decision to deny relief from the default judgment under Rule 60(b)(1) when a defendant could give no explanation for losing the complaint. It did not impose any particular exacting standard necessary to satisfy "excusable neglect" before a court in its discretion could grant relief under 6(b)(2).

3

For the foregoing reasons, the Court shall grant Defendant's motion and deny Plaintiff's

motion.

An appropriate order shall issue.

ENTERED: _____
U.S. District Judge

_____
Date

4